BLUE, Chief Judge.
The Department of Revenue appeals the trial court’s order that adopted the hearing officer’s proposed order which failed to set an amount of child support that Ms. Hen-nessey must pay for the support of her first born child. Because the order on appeal fails to comply with the requirements of the child support guidelines statute, we reverse.
Ms. Hennessey gave birth to a son in 1998. That child is living with his father and allegedly receiving governmental assistance. The Department of Revenue filed this action to recover retroactive child support payments, administrative costs, and attorney’s fees, and to impose a prospective award of child support.
The record reflects that Ms. Hennessey is now married to another man. Following *443 the birth of her first child, she worked as a waitress. She quit work during a difficult pregnancy, which resulted in the birth of her second child in February 2000. Neither Ms. Hennessey nor her husband want her to return to the workplace. They both want her to stay home to care for this new child until the child is school age.
The trial court’s order, entered on July 18, 2000, specifically found that Ms. Hen-nessey had no ability to pay child support due to the birth of the subsequent child and that her present husband supported her in exchange for the daycare and homemaking services that she provided. The order did not deny child support either retroactively or prospectively, but “reserved” decision without explaining the terms and conditions of this reservation. The trial court denied rehearing on this order. We have concluded that such an unconditional reservation must be treated as a denial of child support.
The child support guidelines statute, section 61.30, Florida Statutes (2000), provides, in section 61.30(2)(b):
Income on a monthly basis shall be imputed to an unemployed or underemployed parent when such employment or underemployment is found to be voluntary on that parent’s part, absent physical or mental incapacity or other circumstances over which the parent has no control. In the event of such voluntary unemployment or under-employment, the employment potential and probable earnings level of the parent shall be determined based upon his or her recent work history, occupational qualifications, and prevailing earnings level in the community; however, the court may refuse to impute income to a primary residential parent if the court finds it necessary for the parent to stay home with the child.
We recognize that Ms. Hennes-sey was apparently involuntarily unemployed for a period during her pregnancy and for some unspecified period immediately following the birth of her second child. Nevertheless, the record establishes that she was gainfully employed for a significant period prior to the pregnancy and that, at some point after the delivery of her second child in February 2000, she became voluntarily unemployed. The record contains no evidence to show that she has a physical or mental “incapacity or other circumstances over which [she] has no control.” § 61.30(2)(b). We can understand the trial court’s reluctance to reach the merits of this dispute, but the order on appeal does not comply with the statute. Ms. Hennessey’s decision to provide personal care for her second child, while praiseworthy, does not and cannot eliminate her equivalent obligation to support her first child. The trial court on remand must hold a hearing in accordance with the statute to determine whether it is appropriate to impose retroactive child support based on Ms. Hennessey’s earnings prior to her second pregnancy and whether it is appropriate to impute income to Ms. Hennessey for some period commencing after the birth of her second child. See Dep’t of Revenue ex rel. Young v. Sumblin, 675 So.2d 691 (Fla. 1st DCA. 1996).
Reversed and remanded.
ALTENBERND and SILBERMAN, JJ., concur.