KELLY, Judge.
Michael Durham appeals from a final order of modification of child support. We find merit in Durham’s contention that it was error for the trial court to decide the issue of child support without the benefit of a child support guidelines worksheet.
Florida Family Law Rule of Procedure 12.285Q) provides:
Child Support Guidelines Worksheet. If the case involves child support, the *654 parties shall file with the court at or prior to a hearing to establish or modify child support a Child Support Guidelines Worksheet in substantial conformity with Florida Family Law Rules of Procedure Form 12.902(e). This requirement cannot be waived by the parties.
In this case neither party filed a worksheet, although Durham apparently prepared several worksheets that he referenced during the modification hearing. At oral argument the Department conceded, and we agree, that given the mandatory language of the rule it was error for the trial court to modify Durham’s child support without the benefit of a guidelines worksheet. Accordingly, we reverse the order modifying child support and remand for the trial court to recalculate child support.
Because of our reversal, the parties will necessarily have to provide the trial court with current financial information. Accordingly, it is unnecessary for us to address Durham’s contention that the trial court erred in finding that Kimberly Durham’s gross income was $1600 per month. We have considered Durham’s contention that the trial court erred when it failed to set-off student loan payments from his gross income for the purposes of calculating child support and conclude that it was proper for the trial court to deny the set-off. We also find no merit in Durham’s contention that the trial court erred when it declared that he was in contempt. The trial court never found Durham to be in contempt and, in fact, the trial court dismissed the motion for contempt.
Reversed and remanded.
SALCINES and COVINGTON, JJ., Concur.