916 So.2d 823 (2005)
Leonard LONG, Appellant,
v.
Robin LONG, Appellee.
No. 2D04-1288.
District Court of Appeal of Florida, Second District.
June 8, 2005.
Rehearing Denied July 12, 2005.
*824 Jack F. White, III, Clearwater, for Appellant.
J. Stanford Lifsey, P.A., Tampa, for Appellee.
KELLY, Judge.
Leonard Long (the husband) appeals from the order requiring him to pay temporary child support. He argues that the trial court erred in proceeding with the temporary support hearing and determining his support obligations without sufficient evidence of the parties' current financial status and without a child support guidelines worksheet. We agree and reverse.
We direct that on remand the trial court determine the parties' current financial situation and recalculate their child support obligations on a worksheet using current financial information and applying the child support guidelines. See Durham v. Dep't of Revenue ex rel. Durham, 850 So.2d 653 (Fla. 2d DCA 2003) (holding that it was error for the trial court to decide the issue of child support without a child support guidelines worksheet). We also note that the income deduction order must direct payments to Pinellas County, rather than to Hillsborough County, as was previously done in this case. Based on our holding, we need not address the husband's remaining arguments on appeal.
Reversed and remanded for further proceedings.
DAVIS and CANADY, JJ., Concur.