975 So.2d 1228 (2008)
Dmytro VORONIN, Appellant,
v.
Olena VORONINA, Appellee.
No. 2D07-1079.
District Court of Appeal of Florida, Second District.
March 12, 2008.
Andrew J. Rodnite, Jr., of Reeser, Rodnite, Outten & Zdravko, P.A., Palm Harbor, for Appellant.
*1229 Lynn E. Hanshaw of Matusek, McKnight & Hanshaw, P.A., St. Petersburg, for Appellee.
BAILEY, JENNIFER D., Associate Judge.
Dmytro Voronin, the Husband, appeals a final judgment of dissolution. He challenges the award of child support and the equitable distribution of assets and debts. Our review is hampered by his failure to have a court reporter in attendance at the trial. Nevertheless, two matters on the face of the judgment require reversal.
There are two children of this marriage. The final judgment gives primary residential responsibility to Olena Voronina, the Wife, but both parents have shared parental responsibility. The visitation schedule in the final judgment is elaborate and provides the Husband with more than 40 percent of the annual overnights. The judgment does not specify an amount of child support, but instead refers to the amount determined by "the child support guideline, attached hereto and incorporated herein." Unfortunately, there is no child support guideline attached to the judgment. The record contains two different guidelines calculation sheets with different numbers. Neither of these sheets has any adjustment for the extensive visitation with the Husband as required by section 61.30(11), Florida Statutes (2006). We are inclined to believe that the trial court may have prepared a revised child support guideline that simply never made its way into the record for attachment to the judgment. Accordingly, we must reverse the complete omission of a child support award in section V of the final judgment and remand for the trial court to conduct a new hearing on this issue.
As to equitable distribution of marital assets and liabilities, the parties had no real estate. Prior to trial, they filed a stipulation resolving the distribution of most of their personal property, including their two automobiles and the related debt. At trial, they intended to resolve distribution of joint marital bank accounts and the parties' significant credit card debt, which totaled more than $30,000.
The final judgment is entered on a form based on Florida Family Law Rules of Procedure Form 12.990(c)(2). It made the Wife responsible for a Toys "R" Us debt of approximately $3400 and made the Husband responsible for the remaining debt. The current fair market value of the marital bank accounts is never established in the judgment, and this asset is never distributed to either party. Nevertheless, the section of the judgment entitled "other provisions" references a $10,000 amount owed by the Husband to the Wife as equitable distribution of the parties' joint bank account and provides for various offsets of other contingent liabilities.
Although this court has no transcript, we do have the exhibits introduced at trial. The trial court placed approximately 90 percent of the marital debt on the Husband. Even if the trial court thought it awarded the bank accounts to the Husband, which it did not, the distribution of assets and debts is still dramatically unequal and section I(E) of the judgment has no explanation of the basis for an unequal distribution. See Guida v. Guida, 870 So.2d 222, 224 (Fla. 2d DCA 2004); § 61.075(3)(b), Fla. Stat. (2005).
We distinguish Esaw v. Esaw, 965 So.2d 1261 (Fla. 2d DCA 2007), where the appellant, having provided no transcript of the trial, was not entitled to relief because the judgment contained no specific findings of fact supporting alimony and failed to value certain marital property. In this case, while more findings certainly would have been helpful to this court, the harmful *1230 errors in this judgment arise from its failure to award child support and its failure to distribute the only significant marital asset.
We reverse and remand for the trial court to conduct another hearing to establish child support and to provide a new equitable distribution of assets and liabilities. This may also require the trial court to adjust the section entitled "other provisions."
Reversed and remanded.
ALTENBERND and STRINGER, JJ., Concur.