LaROSE, Judge.
The Department of Revenue, on behalf of R.S.M., appeals the final judgment of paternity and support ordering the father, B.J.M., to pay child support to the mother, R.S.M., for their child, L.W.M. Competent substantial evidence does not support the final judgment. Consequently, we reverse and remand for further proceedings.
In November 2010, the Department filed its petition to establish paternity, child support, and other relief. See §§ 61.13, 742.011, Fla. Stat. (2010). The petition sought current and retroactive child support from the father; the mother and child lived in North Carolina. The mother was unemployed with income coming from support and supplemental security income payments for her other children. She earned $400 a month in her last job. She lost that job and had been unable to find work. The father was employed, earned $39,327.79 in gross income in 2010, and was currently earning a net monthly income of $2587.76. There was no dispute that B.J.M. was the child’s father.
The child, L.W.M., was born on January 31, 2000. The father agreed to an adoption that did not happen. The mother then married another man soon after the child’s birth. The father consented to adoption by the mother’s then-husband. The mother and then-husband divorced; that adoption never went through. The father never received papers confirming any adoption. He never inquired about it. At the final hearing, the father argued that the mother was not entitled to retroactive *861 support because, believing that the child would be adopted, he never sought a relationship with the child. At the time of the final hearing, the child was twelve years old.
The final hearing took place in February 2012. The Department filed a proposed child support guidelines worksheet that listed the mother’s net monthly income as $1051.20, imputing North Carolina minimum wage.[1] It listed the father’s net monthly income at $3527.42. The Department computed the father’s child support obligation at $675.64 per month. The father did not submit a separate child support guidelines worksheet.
The father asked the trial court to deviate downward from the guidelines. He argued that even though he could seek visitation, which would lower his child support obligation, see § 61.30(ll)(a)(10), he was not doing so, in the child’s best interests, because the child did not know him. The father looked forward to a future relationship with the child if the child was agreeable. In the end, the father believed that the support amount was too large and that support should be handled privately. The trial court took the matter under advisement.
The final judgment lists the father’s net monthly income as $3322.88, imputes to the mother a net monthly income of $1051.20, denies retroactive support, and orders the father to pay $600 monthly by income deduction order.

Child Support Guidelines Worksheet

The trial court erred in failing to include in its order a child support guidelines worksheet. See Voronin v. Voronina, 975 So.2d 1228, 1229 (Fla. 2d DCA 2008). The only guidelines worksheet in the record is that of the Department, which shows a higher amount for the father’s net monthly income. Consequently, the final judgment fails to show how the trial court calculated the child support amount. Moreover, our record does not detail how the trial court arrived at its $600 monthly support obligation, an amount more than 12% less than the Department requested.

Deviation from Guidelines

The trial court deviated from the child support guidelines with the following observation:
Respondent requests deviation due to the fact that he has chosen not to pursue parenting time which [sic] this child does not know him [and] that he was unaware the child was not adopted, which is plausible, as adoption records are sealed. There is no showing of need for this child who was to be adopted [and] the potential retroactive period has been extended by Petitioner’s delay at compliance with discovery.
Sectiori 61.30 allows the trial court to deviate from the guideline amount under certain circumstances, as follows:
61.30. Child support guidelines; retroactive child support
(l)(a) The child support guideline amount as determined by this section presumptively establishes the amount the trier of fact shall order as child support in an initial proceeding for such support or in a proceeding for modification of an existing order for such support, whether the proceeding arises under this or another chapter. The trier of fact may order payment of child sup *862 port which varies, plus or minus 5 percent, from the guideline amount, after considering all relevant factors, including the needs of the child or children, age, station in life, standard of living, and the financial status and ability of each parent. The trier of fact may order payment of child support in an amount which varies more than 5 percent from such guideline amount only upon a written finding explaining why ordering payment of such guideline amount would be unjust or inappropriate. Notwithstanding the variance limitations of this section, the trier of fact shall order payment of child support which varies from the guideline amount as provided in paragraph (ll)(b) whenever any of the children are required by court order or mediation agreement to spend a substantial amount of time with either parent. This requirement applies to any living arrangement, whether temporary or permanent.
The factors in the above paragraph, as well as those in section 61.80(ll)(a), all relate to the financial ability of the parents and the best interests of the child. “We do not agree with the father that section 61.30 authorizes a reduction based on the facts relied on by the father.” Krufal v. Jorgensen, 830 So.2d 228, 229 (Fla. 4th DCA 2002).

Retroactive Support

Finally, the trial court abused its discretion in failing to order support retroactive to at least the date of the petition.[2] The father argues that he should not have to pay child support because the mother claimed she was placing the child for adoption. As stated above, the trial court’s order states, “There is no showing of prior need for this child who was to be adopted and the potential retroactive period has been extended by Petitioner’s delay at compliance with discovery.”
The adoption defense ceased with the filing of the petition because the father was on notice that no adoption occurred. Because retroactive support is based on the child’s need and the parent’s ability to pay at the time of filing, Beal v. Beal, 666 So.2d 1054, 1054 (Fla. 1st DCA 1996), the petitioner’s delay in discovery compliance is irrelevant. Moreover, if the petitioner had produced the discovery when due, the support order would have issued sooner and support for the time between the discovery due date and the production date would have been prospective instead of retroactive. It is evident from the record that the child was in need and the father had the ability to pay; the father was earning more than $39,000 per year, the mother was unemployed, and the child was receiving Medicaid benefits from North Carolina.
Reversed and remanded for further proceedings.
DAVIS, C.J., and WALLACE, J., Concur.

. The Department argues on appeal that the trial court erred in imputing income of $1051.20 to the mother. We reject this argument because the Department provided this figure in its child support guidelines worksheet and provided testimony at the hearing as to how it calculated this imputed amount.

. In an initial determination of child support, whether in a paternity action, dissolution of marriage action, or petition for support during the marriage, the court has discretion to award child support retroactive to the date when the parents did not reside together in the same household with the child, not to exceed a period of 24 months preceding the filing of the petition, regardless of whether that date precedes the filing of the petition.
§ 61.30(17).