NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

DEPARTMENT OF REVENUE o/b/o )
K.A.N., )
)
      Appellant, )
)
v. )     Case No. 2D13-5007
)
A.N.J., )
)
      Appellee. )
_____)

Opinion filed June 10, 2015.

Appeal from the Circuit Court for Pasco
County; Susan L. Gardner, Judge.

Pamela Jo Bondi, Attorney General,
Tallahassee, and William H. Branch,
Assistant Attorney General, Tampa,
for Appellant.

No appearance for Appellee.

SILBERMAN, Judge.

      The Department of Revenue seeks review of a final judgment establishing

paternity and imposing a child support obligation on A.N.J. (the Father). The

Department argues that the circuit court erred by failing to include a child support

guidelines worksheet, relying on documents that are not in the record, giving the Father

an adjustment for support of a child that he did not actually pay, and choosing the date

from which the Father owed retroactive support. We agree and reverse the child support obligation and remand for recalculation of child support. We affirm the finding of paternity.

In February 2013, the Department filed a judicial petition to determine paternity of and establish child support for K.T.N., who was born on August 20, 2010. The Father filed an answer to the petition in which he admitted paternity. He also filed several documents with the answer, including a printout from the Department of Corrections website which reflects that he was incarcerated at the time of K.T.N.'s birth and released in October 2012. He also filed a proposed order of paternity and a DNA test report from a separate administrative paternity proceeding establishing him as the father of K.T.N.

A child support hearing officer held a final hearing on the petition in May 2013. The hearing officer referenced the proposed order of paternity and asked the Father if a final judgment had been entered in the administrative proceeding. The Father answered yes but did not produce a copy of that final judgment. The Department also did not have a copy of a final judgment.

The Father testified that he was earning $10 per hour and working around thirty hours a week. The Father also testified he had a $279 monthly child support obligation for a second child. He admitted he had not been paying the full amount but said he had paid $150 for the past two months. He could not recall if he paid support before that. The hearing officer responded, "I can look all that up." The Father also said he had a third child who was living in his household. Neither party entered a child support guidelines worksheet into evidence or filed a worksheet with the court.

The hearing officer took the matter under advisement in order to review documents regarding the Father's support of his second and third children. Later that day, the officer signed a recommended order requiring the Father to pay $114 in child support. The order imposed an arrearage of $570 and required the Father to pay $10 per month toward it. The order did not explain the basis of its calculations and did not include a child support guidelines worksheet.

The circuit court subsequently entered a final judgment in which it adopted the magistrate's recommendations that the Father pay $114 in child support and $10 per month toward a $570 arrearage. The final judgment explained that these amounts were calculated under the child support guidelines using a net monthly income for the Father based on the salary he was earning at the time of the final hearing. Additionally, the Father was given an adjustment for the $279.83 he had been ordered to pay for his second child. He was also given an unspecified adjustment for the support of his third child. The final judgment imposed retroactive support from February 19, 2013, which it stated was the date of filing of the administrative paternity proceeding regarding K.T.N. The court did not include a child support guidelines worksheet with the final judgment.

On appeal, the Department argues that the court erred by (1) failing to include a child support guidelines worksheet, (2) relying on documents that are not in the record, (3) giving the Father an adjustment for support of a child that he did not actually pay, and (4) choosing the date from which the Father owed retroactive support. As to the Department's first argument, Florida Family Law Rule of Procedure 12.285(k) provides as follows:

> (k) Child Support Guidelines Worksheet. If the case involves child support, the parties shall file with the court at

or prior to a hearing to establish or modify child support a Child Support Guidelines Worksheet in substantial conformity with Florida Family Law Rules of Procedure Form 12.902(e). This requirement cannot be waived by the parties.

It is reversible error for the court to fail to include a child support guidelines worksheet in a final judgment establishing paternity and child support. Dep't of Revenue ex rel. R.S.M. v. B.J.M., 127 So. 3d 859, 861 (Fla. 2d DCA 2013); Durham v. Dep't of Revenue ex rel. Durham, 850 So. 2d 653, 654 (Fla. 2d DCA 2003). And because the requirement for filing a child support guidelines worksheet is mandatory, reversal is required even if the omission is due to the parties' failure to comply with the rule. See Durham, 850 So. 2d at 654.

Regarding the Department's second argument, the child support determination must be supported by evidence in the record. See Fla. Dep't of Revenue ex rel. Marquette v. Hennessey, 812 So. 2d 442, 443 (Fla. 2d DCA 2001). The record contains minimal evidence regarding the administrative paternity proceeding regarding K.T.N. and any proceedings regarding the Father's support of his two other children. It appears that the court relied on record documents from these other proceedings to determine the date of retroactivity and calculate the support adjustments. However, the court must have obtained those documents itself as they are not in our record and were not entered in evidence.

As to the Department's third argument, a deduction for support of another child must be supported by evidence that the parent was actually paying the amount ordered. § 61.30(3)(f), Fla. Stat. (2012); Dep't of Revenue ex rel. T.L.S. v. S.J.W., 113 So. 3d 85, 87 (Fla. 2d DCA 2013). In this case, the evidence does not establish that the

- 4 -

Father was actually paying $279.83 in child support for the second child.  In fact, the evidence established only that the Father had paid $150 toward the obligation for the previous two months.

And regarding the Department's fourth argument, section 61.30(17) gives a court the "discretion to award child support retroactive to the date when the parents did not reside together in the same household with the child, not to exceed a period of 24 months preceding the filing of the petition."  The circuit court chose the date of filing the administrative paternity proceeding regarding K.T.N. as the date from which the Father owed retroactive support.  However, the parents did not reside together for twenty-four months prior to the filing of the petition, and there is no evidence or findings supporting the decision not to award additional retroactive support.  It was therefore an abuse of discretion to fail to award support retroactive to the date twenty-four months before the filing of the petition.  See Gore v. Peck, 800 So. 2d 273, 275 (Fla. 2d DCA 2001).

Based on these errors, we reverse and remand for a hearing and a recalculation of child support.  Support should be determined based upon the parties' current financial information.  See Durham, 850 So. 2d at 654; Bardin v. Dep't of Revenue, 720 So. 2d 609, 611 (Fla. 1st DCA 1998).  Because the paternity finding has not been challenged, we affirm the final judgment on that point.

Affirmed in part, reversed in part, and remanded.


KELLY and SLEET, JJ., Concur.