DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CORINA CASTILLO MARQUEZ,**
Appellant,

v.

**FREDY LOPEZ,**
Appellee.

No. 4D13-4077

[March 9, 2016]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Edward A. Garrison, Judge; L.T. Case No. 502010DR009839XXXXSBFY.

Troy William Klein, West Palm Beach, for appellant.

Tyler W. Harding of the Law Offices of Hoffman & Harding, Boca Raton, for appellee.

CIKLIN, C.J.

In this appeal from a final judgment of dissolution of marriage, the former wife raises numerous arguments. We find that the trial court did not make the required statutory findings related to time-sharing, equitable distribution, and the amount of child support. We therefore reverse and remand for further proceedings.

First, we agree with the former wife that the trial court erred in providing for equal time-sharing without an accompanying finding that such an arrangement is in the best interests of the children. *See Jeffers v. McLeary*, 118 So. 3d 287, 291 (Fla. 4th DCA 2013) ("The Father is correct that 'a trial court must make a finding that the time-sharing schedule is in the child's best interests.'"); *Winters v. Brown*, 51 So. 3d 656, 658 (Fla. 4th DCA 2011) (recognizing that a trial court "must make a finding that the time-sharing schedule is in the child's best interests"); *Clark v. Clark*, 825 So. 2d 1016, 1017 (Fla. 1st DCA 2002) ("A trial court need not make separate findings as to each of the factors in section 61.13(3), but it must find, at a minimum, that its custody determination is in the best interests of the child."). This finding must be made either

orally or in the written judgment. *See Jeffers*, 118 So. 3d at 291.

Although the record here might support a finding that equal time-sharing is in the best interests of the children, the final judgment does not include such a finding and it is not for us to do so. The parties dispute whether the trial court relied on a parenting agreement submitted after the trial concluded. The record is devoid of clarity as to whether the court did or did not rely on some agreement entered into by the parties, but even if it did, the trial court must approve of the agreed upon parenting plan as required by the applicable statute. *See* § 61.046(14)(a), Fla. Stat. (2014). We therefore reverse and remand for the trial court to either find that equal time-sharing is in the best interests of the children or fashion a time-sharing plan that it does find is in the best interests of the children. If the parents actually submitted a parenting plan to the court after trial, the court is not precluded from approving of the plan pursuant to section 61.046(14)(a), if the trial court holds that the plan is in the best interests of the children.

We also agree with the former wife that the trial court failed to devise a scheme of equitable distribution. In the final judgment, the court awarded the parties the assets already in their possession and found that it was unable to create an equitable distribution schedule because of a lack of competent, substantial evidence. "A trial judge has no duty under section 61.075 to make findings of value if the parties have not presented any evidence on that issue." *Aguirre v. Aguirre*, 985 So. 2d 1203, 1207 (Fla. 4th DCA 2008) (citing *Simmons v. Simmons*, 979 So. 2d 1063, 1064 (Fla. 1st DCA 2008)). In determining the value of assets, a trial court may rely on one spouse's testimony where neither presents expert testimony. *See Valentine v. Van Sickle*, 42 So. 3d 267, 278 (Fla. 2d DCA 2010); *Tucker v. Tucker*, 966 So. 2d 25, 29 (Fla. 2d DCA 2007).

Here, the parties testified as to the value of their Toyota Tundra, a box truck, the contents of the marital home, and the landscaping business. There was some conflict in the valuations presented at trial. The parties did not testify as to the value of the Dodge Neon, but the former wife's financial affidavit, entered into evidence, estimated the vehicle's value at $3,900. Even though there was evidence of the value of these assets, the trial court failed to make findings as to value. We therefore must remand for the trial court to assign a value to these assets and devise a scheme of equitable distribution.

Finally, the record below makes it clear that the trial court's child support calculations were erroneous because it did not correctly consider the payroll deductions from the former wife's gross income. Child

support is calculated based on a set of guidelines and a formula, the starting point of which is gross income, reduced by deductions allowed by the statute. *See* § 61.30(2), Fla. Stat. (2014). This court has explained when a child support determination is inadequate:

> A trial court's final judgment concerning child support is deficient in the absence of explicit factual findings concerning the actual income attributable to the parties, the amount and source of any imputed income, the probable and potential earnings level, and the adjustments to income. A final judgment is facially erroneous, requiring remand, where it does not make any findings as to the net income of each party as a starting point for calculating child support or explain how the calculation was performed.

*Aguirre*, 985 So. 2d at 1207 (internal citation omitted). Here, the trial court's finding of net income for the former husband was consistent with the evidence presented. However, the court made no findings as to payroll deductions for the former wife, and it is not apparent how the court arrived at its net income figure. We reverse for the trial court to make the necessary findings and to recalculate the child support obligation if necessary.

*Reversed and remanded with instructions.*

CONNER and KLINGENSMITH, JJ., concur.

* * *

***Not final until disposition of timely filed motion for rehearing.***

3