IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

BLAIR CLEMENTS,

      Appellant,

 v.

      Case No. 5D17-2015

ROSIMERI CLEMENTS,

      Appellee.

_____/

Opinion filed August 31, 2018

Appeal from the Circuit Court
for Seminole County,
John D. Galluzzo, Judge.

Shannon McLin Carlyle and John N.
Bogdanoff, of The Carlyle Appellate Law
Firm, Orlando, for Appellant.

Kenneth D. Morse, of Kenneth D. Morse,
PA, Heathrow, for Appellee.

PER CURIAM.

     Appellant appeals the final judgment of dissolution of marriage. We affirm that part

of the final judgment dissolving the marriage between the parties. However, we reverse

the remainder of the final judgment.

     After the final hearing concluded, both parties submitted proposed final judgments.

The trial judge adopted Appellee's proposed final judgment almost verbatim. We believe

the trial court failed to conduct an independent analysis necessary for a fair resolution of the issues raised by the parties. Therefore, we affirm the part of the final judgment that dissolves the marriage between the parties, reverse the remainder of the final judgment, and remand this case to the trial court for entry of an amended final judgment based on its own independent analysis. See West v. West, 228 So. 3d 727, 730 (Fla. 5th DCA 2017). Despite our reversal on this basis, we will briefly address Appellant's arguments regarding the numerous errors contained in the final judgment under review.

Appellant contends that the trial court erred in denying him permanent alimony, fashioning a time-sharing schedule, calculating child support, and equitably distributing the marital assets and liabilities. We agree.

As to the issue of permanent alimony, the trial court's order regarding alimony was an abuse of discretion because it failed to: (1) make independent findings of fact or rulings of law and instead adopted verbatim Appellee's proposed final judgment; (2) consider the factors required by case law and statute; (3) consider much of the evidence presented at trial regarding Appellant's need and Appellee's ability to pay; and (4) rebut the presumption of permanent alimony in favor of Appellant. See Motie v. Motie, 132 So. 3d 1210, 1213 (Fla. 5th DCA 2014).

Appellant argues, and we agree, that the trial court erred in failing to award him any overnight visits, summer vacation time, or time for holidays. Appellant also contends that the trial court erred in failing to provide guidance as to how Appellant may increase his time-sharing with the children. On remand, the trial court is to make independent findings as to the time-sharing based on the evidence and testimony presented during

2

hearings and at trial. See Pedersen v. Pedersen, 892 So. 2d 1125, 1126 (Fla. 2d DCA 2004).

Appellant argues that the trial court erred in calculating the award of child support. Specifically, he contends that the trial court's finding that Appellee's income was $80,000 was not supported by competent, substantial evidence. We note that there were no findings made by the trial court regarding how it calculated the sum of $80,000. On remand, the trial court is to include independent findings of fact as to how it calculated child support and should attach to its final judgment a completed child support guidelines worksheet. See Preure v. Benhadj-Djillali, 15 So. 3d 877, 878 (Fla. 5th DCA 2009); Dep't of Rev. ex rel. R.S.M. v. B.J.M., 127 So. 3d 859, 861 (Fla. 2d DCA 2013).

Finally, Appellant argues that the trial court erred in listing the SBA loan as a liability and awarding it to Appellee, as the loan was subsumed into a remortgage of the commercial condominium. Appellee concedes error on this issue. Because this calculation reduces her net worth by $81,265, the equalizing payment should be correspondingly altered. Appellee contends that the sum should now be $17,980.85 to Appellant instead of $28,421 to Appellee. However, this amount relies on the incorrect calculation of credits due to Appellee from homeowner's association dues and real estate taxes on the marital home paid since Appellant and Appellee separated. Appellant was not required to contribute to those payments; thus, no credits were owed to Appellee for his failure to do so. See Kranz v. Kranz, 737 So. 2d 1198, 1202-03 (Fla. 5th DCA 1999). Therefore, on remand the trial court should remove those credits from Appellee and calculate the equitable distribution accordingly. We also note that Appellee's proposed final judgment contained numerous mathematical errors that were incorporated into the

trial court's final judgment. In its amended final judgment, the trial court should ensure that its calculations are free of such errors.

Accordingly, we affirm the portion of the final judgment dissolving the marriage, reverse the remainder of the judgment, and remand this case to the trial court for entry of an amended final judgment.

AFFIRMED in part; REVERSED in part; and REMANDED.

SAWAYA, EVANDER and LAMBERT, JJ., concur.