IN THE SECOND DISTRICT COURT OF APPEAL, LAKELAND, FLORIDA

February 1, 2019

MICHAEL LENNON,                    )
                                   )
            Appellant,             )
                                   )
v.                                 )        Case No. 2D17-3416
                                   )
SIMONE LENNON,                     )
                                   )
            Appellee.              )
_____    )


BY ORDER OF THE COURT:


        Appellant's motion for clarification is granted.  The prior opinion dated

October 17, 2018, is withdrawn, and the attached opinion is issued in its place.  No

further motions for rehearing or clarification will be entertained.


I HEREBY CERTIFY THE FOREGOING IS A
TRUE COPY OF THE ORIGINAL COURT ORDER.


_____
MARY ELIZABETH KUENZEL, CLERK

MICHAEL LENNON, )
)
      Appellant, )
)
v. )    Case No. 2D17-3416
)
SIMONE LENNON, )
)
      Appellee. )
_____ )

Opinion filed February 1, 2019.

Appeal from the Circuit Court for Pinellas
County; George M. Jirotka, Judge.

Michael Lennon, pro se.

Mary Ellen Borja of Mary Ellen Borja, P.A.,
Clearwater, for Appellee.


SALARIO, Judge.

      Michael Lennon (the former husband) appeals from an amended final

judgment dissolving his marriage to Simone Lennon (the former wife).  He raises issues

with the parenting plan, child support award, and equitable distribution scheme.  We

affirm the portions of the final judgment related to the equitable distribution and

parenting plan, except that with regard to the parenting plan, we remand for the limited

purpose of having the trial court include in the final judgment a provision that either

parent alone may provide consent for a child to receive mental health treatment.  See § 61.13(2)(b)(3)(a), Fla. Stat. (2016).[1]

The ongoing and retroactive child support provisions in the final judgment prove more troublesome.  Although we review a trial court's award of child support for an abuse of discretion, Augoshe v. Lehman, 962 So. 2d 398, 401 (Fla. 2d DCA 2007), a trial court's decisions about support must be supported by competent substantial evidence and factual findings sufficient to enable this court to determine how the trial court made the decisions it did.  See § 61.13(1)(a)(1)(b) (requiring that child support orders provide a payment schedule "based on the record existing at the time of the order"); Cooper v. Cooper, 760 So. 2d 1048, 1049 (Fla. 2d DCA 2000) (remanding child support award with instructions for the trial court to "set forth findings upon which the [child support] calculation is based"); Sumlar v. Sumlar, 827 So. 2d 1079, 1083 (Fla. 1st DCA 2002) ("A final judgment must include factual findings sufficiently specific to allow the reviewing court to ascertain the basis of calculations relating to child support."); see also Dep't of Revenue ex rel. K.A.N. v. A.N.J., 165 So. 3d 846, 848 (Fla. 2d DCA 2015) ("[T]he child support determination must be supported by evidence in the record.").  There are three problems with the final judgment.

First, there are no findings that explain how the trial court arrived at the figures it included in the "allowable deductions" section of the child support guidelines worksheets incorporated in the final judgment.  The worksheets included an amount for

_____

[1]This requirement, applicable when a trial court orders shared parental responsibility, is a recent addition to section 61.13 that became effective on July 1, 2016, see ch. 16-241, § 81, Laws of Fla., ten days prior to the recordation of the original final judgment of dissolution in this case.

the former wife's deductions that is greater than what would be supported by her financial affidavits or, for that matter, any other evidence of those deductions that we can find. And on the flip-side, the amount of the former husband's deductions was substantially lower than indicated by his affidavits. While these discrepancies might legitimately be related to the trial court's decisions to impute income to the former wife and allocate the federal income tax exemptions for the children, without findings that explain why the trial court did what it did, we are unable to determine whether it abused its discretion.[2] See, e.g., Smith v. Smith, 912 So. 2d 702, 705 (Fla. 2d DCA 2005) (reversing child support award where "neither the final judgment nor the record . . . discloses with any meaningful specificity the manner in which the trial court calculated the husband's child support obligation").

---

[2]The final judgment is silent as to which party has the right to claim the federal income tax exemption for each of their two minor children. While such a finding may not be required by Florida law, it would prove helpful in this case. The right to claim an exemption for one or both of the children will have a direct effect on each party's actual federal income tax burden, which will in turn affect their allowable deductions for the purposes of the guidelines worksheets and, ultimately, their monthly responsibility. It is unclear who the trial court envisioned would have the right to claim the exemption for each child when it prepared the guidelines worksheets in the amended final judgment. In this case, the former husband is correct that under the default rule, the former wife has the right to claim the exemption for both children because she is the primary custodial parent. See 26 U.S.C. § 152(c)(4)(B)(i) (2012). However, federal and state law allows the noncustodial parent to claim a child under certain circumstances. Id. § 152(e)(1)-(3); § 61.30(11)(a)(8), Fla. Stat. (2016); Alston v. Vazquez, 226 So. 3d 377, 377 (Fla. 5th DCA 2017) ("The trial court [has] the discretion to transfer the dependency exemption to the noncustodial parent." (quoting Vick v. Vick, 675 So. 2d 714, 719 (Fla. 5th DCA 1996))). If the court on remand wishes to depart from the default rule and give the former husband the right to claim the exemption for one (or both) children, it should make an express finding requiring the former wife to waive her exemption for one or both children accordingly, see § 61.30(11)(a)(8), and condition the former husband's right on his being current with child support payments, see Fortune v. Fortune, 61 So. 3d 441, 447 (Fla. 2d DCA 2011).

Second, it appears that the trial court used the wrong number of overnights in the guidelines worksheets. In a point the former wife conceded in the trial court, the former husband is entitled to 128 overnight visits with the children. The worksheets, however, say that the former husband gets 126 overnights. This discrepancy seems to stem from confusion over whether the children were enrolled in public or private school (the parenting plan is based on the Pinellas County school calendar despite the children apparently being enrolled in private school). Because each party's support obligation is based on the percentage of overnights that a child has with the other parent, the use of an incorrect overnight figure can affect the ultimate support obligation. Thus, it is important to use the correct figure. In preparing new guidelines worksheets on remand, the trial court shall use the correct number of overnights. See Liguori v. Liguori, 210 So. 3d 117, 119 (Fla. 2d DCA 2016).

Third, while we take no issue with the trial court's decision to base the retroactive support award on the earlier guidelines worksheet that was prepared in conjunction with the former wife's motion for temporary relief, see § 61.30(17)(a), we cannot ascertain whether the amount of that award is supported by the evidence because that guidelines worksheet does not appear in the record and there are no other portions of the record from which we can review the trial court's calculation in this regard, see Voronin v. Voronina, 975 So. 2d 1228, 1229 (Fla. 2d DCA 2008); Smith, 912 So. 2d at 705.

For these reasons, we reverse the portions of the amended final judgment awarding ongoing and retroactive child support and remand for a new hearing on these issues. In recalculating the ongoing support obligation, the parties should prepare and

- 4 -

file guidelines worksheets based on their current financial information, see Fla. Fam. L. R. P. 12.285(k), and the trial court shall determine their respective financial situations and recalculate their support obligations in keeping with the record and related findings and the child support guidelines, see Long v. Long, 916 So. 2d 823, 824 (Fla. 2d DCA 2005). The former husband is entitled to credit for any previous overpayments. See, e.g., Sierra v. Ellison, 677 So. 2d 406, 408 (Fla. 3d DCA 1996). If the court again chooses to award retroactive support, the amount of any such award must be supported by evidence in the record, and the former husband shall be entitled to credit against that obligation to the extent that he can offer competent substantial evidence of actual payments qualifying under section 61.30(17)(b). Additionally, the court is free on remand to revisit any other part of the amended final judgment to the extent that doing so is necessary for it to make "sufficient findings to permit meaningful review" of the recalculated child support obligations. See Sumlar, 827 So. 2d at 1083. We affirm the balance of the final judgment but remand with instructions to include the required finding with respect to consent to mental health treatment for the children.

Affirmed in part; reversed in part; remanded with instructions.

NORTHCUTT and ROTHSTEIN-YOUAKIM, JJ., Concur.

- 5 -