DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JOSEPH WILLIAM O'NEILL JR.,**
Appellant,

v.

**CAROLYN SWINK O'NEILL,**
Appellee.

No. 4D19-1721

[October 28, 2020]

Appeal and cross-appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Catherine M. Brunson, Senior Judge; L.T. Case No. 50-2017-DR-010213-XXXX-MB.

Ralph T. White of the Law Office of RT White, Palm Beach Gardens, for appellant.

Jonathan Mann and Robin Bresky of the Law Offices of Robin Bresky, Boca Raton, for appellee.

LEVINE, C.J.

The husband appeals a final judgment of dissolution of marriage, and the wife cross-appeals. The husband challenges issues concerning equitable distribution, alimony, life insurance, attorney's fees, and reservation of jurisdiction. We reverse and remand for recalculation of the equitable distribution because the calculation improperly included an Acura no longer in the wife's possession, failed to include the negative equity on the husband's BMW, and failed to value the Charles Schwab accounts as of the date of trial. We also reverse and remand for reconsideration of the requirement that the husband maintain life insurance because the trial court made insufficient findings. We affirm the remaining issues raised on direct appeal without comment.

On cross-appeal, the wife challenges the child support award because it was based on equal timesharing, but the evidence showed the husband could not exercise equal timesharing. We therefore reverse the child support award and remand for a determination of actual timesharing exercised by the husband.

Initially, the husband challenges the equitable distribution. A trial court's equitable distribution of marital assets and liabilities is reviewed for abuse of discretion. *Van Maerssen v. Gerdts*, 295 So. 3d 819, 823 (Fla. 4th DCA 2020). The final distribution of marital assets must be supported by factual findings based on substantial competent evidence. *Sager v. Sager*, 291 So. 3d 965, 968 (Fla. 4th DCA 2020).

The husband argues the equitable distribution improperly included an Acura that the wife no longer possessed at the time of trial. The wife concedes it was error to include the Acura in the equitable distribution. Therefore, we reverse and remand for the trial court to recalculate the equitable distribution without the Acura.

The husband also argues that the equitable distribution improperly valued his BMW at $21,575 and failed to consider the negative equity on the vehicle. "In determining the value of assets, a trial court may rely on one spouse's testimony where neither presents expert testimony." *Marconi v. Erturk*, 293 So. 3d 19, 20 (Fla. 4th DCA 2020) (quoting *Marquez v. Lopez*, 187 So. 3d 335, 337 (Fla. 4th DCA 2016)). "[A] party's financial affidavit may constitute competent evidence of value if the party owns the property." *Id.*

At trial, the husband testified his BMW had $6,000 in negative equity. The husband's second amended financial affidavit listed the BMW's value and outstanding debt of $27,897. That affidavit was admitted into evidence without objection from the wife. The husband thus testified competently as to the vehicle's outstanding debt. The trial court should have factored the outstanding debt together with the value of the BMW in the equitable distribution schedule. We therefore reverse and remand the final judgment for the trial court to recalculate the equitable distribution taking into account the BMW's negative equity.

The husband next argues that the trial court improperly valued the Charles Schwab accounts as of the date he petitioned for dissolution of marriage rather than the date of trial. At the time of the petition, the accounts totaled $30,457. However, at trial, the accounts totaled $4,902. The evidence at trial showed the husband used the accounts to pay for work-related travel expenses and to pay bills. Absent a finding of misconduct, it is error to distribute the value of depleted accounts as marital assets. *Van Maerssen*, 295 So. 3d at 825. We therefore reverse and remand for the trial court to recalculate the equitable distribution using the value of the Charles Schwab accounts as of the date of trial.

2

The husband's remaining challenge to the equitable distribution is without merit. The trial court properly assigned no value to the wife's jewelry because the husband's "unsupported opinion as to the value of the jewelry that was not definitively described is not sufficient" evidence of its value. *Lassett v. Lassett*, 768 So. 2d 472, 474 (Fla. 2d DCA 2000).

The husband next argues the trial court erred in requiring him to maintain life insurance without making the required findings of fact. A trial court has the authority to order a party to obtain life insurance to secure the payment of alimony and child support. §§ 61.08(3), 61.13(1)(c), Fla. Stat. (2018). "[H]owever, the trial court must make specific evidentiary findings regarding the availability and cost of insurance, the obligor's ability to pay, and the special circumstances that warrant the requirement for security of the obligation." *Zvida v. Zvida*, 103 So. 3d 1052, 1054 (Fla. 4th DCA 2013) (citation omitted). "The failure to make the necessary findings to support an order requiring the maintenance of life insurance to secure the payment of alimony or child support constitutes reversible error." *Id.* (citation and quotation marks omitted).

Here, the final judgment failed to make findings as to the availability and cost of insurance, and the husband's ability to pay. Accordingly, we reverse and remand for the trial court to reconsider the life insurance obligation and, if applicable, make the necessary findings to support such an obligation.

Finally, the wife challenges the award of child support based on 50/50 timesharing, claiming it was unsupported by the evidence. A trial court's award of child support is reviewed for abuse of discretion and must be supported by competent substantial evidence. *Lennon v. Lennon*, 264 So. 3d 1084, 1085 (Fla. 2d DCA 2019). The use of an incorrect overnight figure affects the ultimate support obligation because such obligation is based on the percentage of overnights the child has with the other parent. *Id.* at 1086.

The parties stipulated to 50/50 timesharing. However, at trial the husband testified he was out of town an average of 200 days a year. In the final judgment, the trial court determined the parties stipulated to 50/50 timesharing and ordered the husband to pay child support based on 182 overnights. We find that, based on the husband's own testimony, the evidence was insufficient to support the trial court's determination that the husband would be able to exercise 50/50 timesharing. We therefore reverse and remand for the trial court to determine the actual timesharing exercised by the husband.

In summary, we reverse for the trial court to recalculate the equitable distribution, to reconsider the requirement that the husband maintain life insurance, and to recalculate child support based on the amount of timesharing actually exercised by the husband. We affirm all other issues.

*Affirmed in part, reversed in part, and remanded with instructions.*

CONNER and KLINGENSMITH, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***