DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**PEDRILANDA DORVILIEN,**
Appellant,

v.

**JEFFREY VERTY,**
Appellee.

No. 4D21-1772

[March 23, 2022]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Renatha Francis, Judge; L.T. Case No. 502018DR007971XXXXMB.

Margherita Downey of Law Office of Margherita Downey LLC, Delray Beach, and Robert Wellington Guerrier of Robert Guerrier, P.A., West Palm Beach, for appellant.

No appearance for appellee.

PER CURIAM.

Pedrilanda Dorvilien ("the Mother") appeals the trial court's final judgment of parental responsibility and child support. We affirm on all issues but remand for correction of the trial court's final order.

The Mother argues the trial court erred in its calculation of child support; however, the trial court made appropriate findings on the record and properly considered the parties' monthly incomes to calculate those support payments. *See Clements v. Clements*, 254 So. 3d 635, 636 (Fla. 5th DCA 2018). Even if the trial court made a minor error in its calculations, it would not have significantly altered the final child support awards. *See Wilkerson v. Wilkerson*, 717 So. 2d 1118, 1119 (Fla. 1st DCA 1998) (affirming child support obligation that exceeded support guidelines by a "negligible amount . . . does not warrant remand for justification, recalculation or other proceedings"); *cf. Gillette v. Gillette*, 226 So. 3d 958, 963 (Fla. 4th DCA 2017) (a miscalculation in the trial court's award resulting in former wife owing $1,392.00 too much required reversal for recalculation).

Florida courts, however, have held the failure to attach a child support guidelines worksheet to a final order is a reversible error. *See Minus v. Brockman*, 326 So. 3d 1157, 1157 (Fla. 4th DCA 2021); *Dep't of Revenue ex rel. K.A.N. v. A.N.J.,* 165 So. 3d 846, 848 (Fla. 2d DCA 2015) ("[B]ecause the requirement for filing a child support guidelines worksheet is mandatory, reversal is required even if the omission is due to the parties' failure."). Here, as in *Minus*, the trial court did not attach the guidelines worksheet to the order, and this failure requires remand to attach the worksheet. This must occur even if the trial court intended to attach the worksheet to the adopted parenting plan, and despite the trial court's reference to the worksheet in the final order.

Therefore, we remand this case to the trial court to attach the worksheet to the order as required. *See Minus*, 326 So. 3d at 1157.

*Affirmed, but remanded with instructions.*

WARNER, LEVINE, and KLINGENSMITH, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**