DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

JAMES LANDERO,

Appellant,

v.

JULIE LANDERO,

Appellee.

No. 2D2023-0214

_____

July 19, 2024

Appeal from the Circuit Court for Manatee County; Kevin Bruning, Judge.

Mark A. Sessums of Sessums Law Group, P.A., Tampa, for Appellant.

Philip J. Schipani of Schipani, Norman & McLain, P.A., Sarasota, for Appellee.

SMITH, Judge.

James Landero (Former Husband) appeals the trial court's final judgment dissolving his marriage to Julie Landero (Former Wife). He raises eight issues on appeal, two of which have merit. Because the trial court erred in crediting the Former Wife with medical insurance payments and because there is an internal inconsistency with regard to the December timesharing plan, we reverse in part and remand with

instructions. We otherwise affirm the final judgment of dissolution without comment.

We need not delve into the intricacies of this heavily contested dissolution case to address the issues before us. The parties were married for approximately six years nine months before this dissolution proceeding commenced. A final hearing was held over a period of five days in September 2022. Both parties testified at the final hearing. And the trial court found both parties equally lacking in credibility.[1] Ultimately, an extensive sixty-one-page final judgment of dissolution was entered on November 30, 2021.

We first turn to the trial court's child support calculation. "Although we review a trial court's award of child support for an abuse of discretion, *Augoshe v. Lehman,* 962 So. 2d 398, 401 (Fla. 2d DCA 2007), a trial court's decisions about support must be supported by competent substantial evidence and factual findings sufficient to enable this court to determine how the trial court made the decisions it did." *Lennon v. Lennon,* 264 So. 3d 1084, 1085 (Fla. 2d DCA 2019); *see also Dep't of Revenue ex rel. K.A.N. v. A.N.J.,* 165 So. 3d 846, 848 (Fla. 2d DCA 2015) ("[T]he child support determination must be supported by evidence in the record.").

Here, the final judgment provides that the Former Wife "pays $838.00 for insurance premiums for the children's medical insurance.

___

[1] In fact, the trial court explained that

the [c]ourt's findings in this case do not directly reflect the testimony provided by the parties in [c]ourt because the [c]ourt finds that both [the Former Husband] and [the Former Wife] are generally uncredible, non-responsive and elusive. The [c]ourt finds that both [the Former Husband] and [the Former Wife] are incredibly manipulative and have only a loose affiliation with truth . . . .

2

The cost of the children's medical, dental, and vision insurance is included in the child support guidelines." This finding is contrary to the evidence presented before the trial court during the final hearing. The unrefuted evidence at the final hearing was that the Former Wife does not pay anything for the children's medical insurance because the children are covered by medicaid and that because the Former Wife is only able to work part-time, she does not qualify for benefits such as health insurance.[2] Because there was no competent substantial evidence to support the finding that the Former Wife is paying $838 a month for the children's health insurance, on remand the trial court shall calculate the child support excluding the $838 medical insurance premium. *See Leyte-Vidal v. Leyte-Vidal*, 350 So. 3d 79, 84 (Fla. 4th DCA 2022) (remanding for trial court to recalculate child support where health insurance expense was not supported by competent substantial evidence).

Next we turn to the final judgment's timesharing determination for the month of December, which contains an internal inconsistency. "[A]n internal inconsistency in a final judgment may warrant reversal and remand for clarification." *A.A. v. D.W.*, 326 So. 3d 1186, 1187 (Fla. 2d DCA 2021). Here, with regard to timesharing in the month of December, the final judgment states:

> In even years, Father shall have the option of exercising timesharing with all Children for a period of two weeks in the State of Texas or elsewhere within the United States as Father may seek to travel with them. In such case, Father shall be responsible for picking up all four Children at the same time the weekend preceding the Second Week (defined as the second full week, Sunday to Saturday period on the calendar) either on Saturday between 9:00 a.m. and 5:00 p.m. or on

---

[2] The Former Wife conceded at oral argument that the inclusion of the $838 for insurance premiums was error.

3

Sunday between 9:00 a.m. and 5:00 p.m., and shall return <u>all four</u> Children <u>at the same time</u> on the weekend following the Third Week, either on Saturday between 9:00 a.m. and 5:00 p.m. or on Sunday between 9:00 a.m. and 5:00 p.m. <u>It is intended that Father will have Christmas and Christmas Eve with the Children during this two week period</u>.

(Fifth emphasis added.) The problem with this timesharing provision is that while the final judgment explicitly states that "[i]t is intended that Father will have Christmas and Christmas Eve with the Children during this two week period," the fact is that Christmas and Christmas Eve fall within this two week period only twice over the next six even years.[3] Accordingly, we must reverse and remand for the trial court to clarify this inconsistency and enter an amended final judgment that accurately accomplishes the trial court's explicit intent that that Former Husband have the Children on Christmas and Christmas Eve on even years.

Affirmed in part, reversed in part, and remanded with instructions.

ROTHSTEIN-YOUAKIM and ATKINSON, JJ., Concur.

_____

Opinion subject to revision prior to official publication.

_____

[3] The youngest child will turn eighteen in 2035. Accordingly, the December timesharing plan will continue over the next eleven years, six of which are even years.