DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**FERDINAND FRANK,**
Appellant,

v.

**HONIRIA FRANK,**
Appellee.

No. 4D2023-1167

[October 2, 2024]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Dina Keever-Agrama, Judge; L.T. Case No. 502019DR004505XXXXNB.

Tyler Jaymeson Cade of Obsidian Law, LLC, West Palm Beach, for appellant.

No brief filed for appellee.

LEVINE, J.

Ferdinand Frank ("the husband") appeals an order denying his motion for rehearing, clarification, and to amend the final judgment of dissolution of marriage. The husband argues the trial court: (1) erred in calculating retroactive child support, (2) made insufficient findings regarding marital tax liability, and (3) erred in omitting findings regarding the child dependency tax credit. We affirm on all issues.

Initially, we find the husband failed to preserve his challenge to the calculation of retroactive child support because he has not provided a transcript of the final hearing, and because the argument he raised below is different from the argument raised on appeal.[1] *See Applegate v. Barnett*

---

[1] In his motion for rehearing, the husband argued that the wife first pled retroactive support in April 2021 and that the trial court erroneously calculated arrears to March 2016 instead of April 2019. Thus, the claimed period of error encompassed over three years. In contrast, the husband now argues on appeal that the wife first pled retroactive support in July 2019 and that the trial court erroneously calculated arrears to March 2017 instead of August 2017. Thus, the

*Bank of Tallahassee*, 377 So. 2d 1150, 1152 (Fla. 1979); *Sunset Harbour Condo. Ass'n v. Robbins*, 914 So. 2d 925, 928 (Fla. 2005).

As to the second issue, the husband argues the trial court failed to make specific written findings of fact regarding the marital tax liability as required by section 61.075(3), Florida Statutes (2022). Section 61.075(3)(c) states that "[t]he distribution of all . . . marital liabilities . . . shall include specific written findings of fact as to the following: . . . . [i]dentification of the marital liabilities and designation of which spouse shall be responsible for each liability . . . ." In the instant case, we find that the trial court complied with the plain language of the statute. The trial court found that both parties were equally responsible for the tax debt they incurred during the marriage. No additional findings were required by the statute. The husband's failure to provide a transcript also prevents this court from considering the husband's argument concerning tax debt he allegedly already paid. *Applegate*, 377 So. 3d at 1152.

As to the third issue, the husband contends the trial court erred in failing to include findings as to which parent was entitled to claim the dependency tax exemption for the children. We find that the trial court did not err in failing to include findings regarding the distribution of the child tax credit. The custodial parent is presumptively entitled to the dependency tax exemption. *Harris v. Harris*, 760 So. 2d 152, 153 (Fla. 2d DCA 2000). However, "the trial court has discretion to transfer the exemption to the noncustodial parent." *Johnson v. Johnson*, 371 So. 3d 944, 954 (Fla. 5th DCA 2022). "The dependency exemption must also be conditioned on the former spouse being current with support payments." *Salazar v. Salazar*, 976 So. 2d 1155, 1158 (Fla. 4th DCA 2008); *see also* § 61.30(11)(a), Fla. Stat. (2022) ("The court may order a parent to execute a waiver of the Internal Revenue Service dependency exemption if the paying parent is current in support payments.").

Contrary to the husband's contention, Florida law does not require a finding regarding which parent is entitled to claim the dependency tax exemption. *See Lennon v. Lennon*, 264 So. 3d 1084, 1086 n.2 (Fla. 2d DCA 2019) (noting that although "[t]he final judgment is silent as to which party has the right to claim the federal income tax exemption . . . such a finding may not be required by Florida law"). Under the default rule, the wife in

husband now claims a period of error of five months. The arguments at trial and on appeal differ regarding (1) the date the wife initially pled retroactive support, (2) the date to which the trial court should have calculated retroactive support, (3) the date to which the trial court allegedly calculated retroactive support, and (4) the amount of time of allegedly erroneous retroactive support.

this case has the right to claim the exemption for both children because she has the majority of the timesharing with the children. *See id.* ("[U]nder the default rule, the former wife has the right to claim the exemption for both children because she is the primary custodial parent."). Thus, the wife is presumptively entitled to claim the dependency exemption, notwithstanding the fact that the trial court did not make an express finding.

The husband cites *Schenavar v. Schenavar*, 350 So. 3d 439, 441 (Fla. 4th DCA 2022), where this court stated that the final judgment "failed to determine which party had the right to claim the federal income tax exemption for each of the minor children." *Schenavar* does not indicate which, if either, parent had the majority of the timesharing. However, a review of the final judgment in that case shows that both parties lived together with the minor children in the same house. Thus, in *Schenavar*, the trial court needed to determine which party had the right to claim the exemption since neither party had the children the majority of the time. In other words, in *Schenavar*, there was no presumption as to which parent had the right to claim the exemption. In contrast, in the present case, the wife has the majority of the timesharing and, as a result, is presumptively entitled to the exemption.[2]

In conclusion, we find that the trial court did not err on any of the issues raised and thus we affirm.

*Affirmed.*

KLINGENSMITH, C.J., and GERBER, J., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

---

[2] The husband does not argue that the trial court abused its discretion in not transferring the exemption to him. *See Salazar*, 976 So. 2d at 1158 (stating that a trial court's decision regarding the dependency tax exemption is reviewed for abuse of discretion). Nor could the husband have raised such an argument, having not furnished a transcript of the trial. Without a transcript, we do not know what evidence, if any, the husband presented in support of transferring the dependency tax exemption to him. *See McDaniel v. McDaniel*, 835 So. 2d 1265, 1268 (Fla. 1st DCA 2003) (finding the trial court abused its discretion in transferring the exemption to the husband where he did not present any evidence to justify the transfer of the exemption).