THE EUREKA CORPORATION, a Georgia Corporation, *Appellant,* vs. THE GUARDIAN TRUST COMPANY, as Liquidator of BISCAYNE TRUST COMPANY, a Florida Corporation, as Trustee, and OSSINING TRUST COMPANY, a New York corporation, as Trustee, *Appellees.*

139 So. 198.

Division B.

Opinion filed January 21, 1932.

Petition for rehearing denied March 4, 1932.

*Peters & Kemp, James M. Carson,* and *L. J. Cushman,* for Appellant;

*Shutts & Bowen, Herbert S. Sawyer,* and *E. S. Quick,* for Appellees, on the appeal.

PER CURIAM.—This appeal is from a final decree fore-closing a trust deed or mortgage executed by Hotel Halceyon Corporation. Said trust deed was given to secure a bond issue of the mortgagor and reached the hands of the Guardian Trust Company, the main party to the foreclosure suit.

It is contended here that the bill of complaint does not show any mortgageable interest on the part of complainant in and to the property foreclosed against, that it is not shown that the bonds secured by the mortgage were negotiated as required by law, that the allowance in the final decree of five dollars for searching the record to determine the necessary parties to this cause was without foundation in the record, that the final decree allowed nothing to the mortgagor from the rents, issues, or profits flowing from the mortgaged property

during the period of the mortgage, that appellant was not given notice and opportunity to be heard by the Chancellor on its petition for rehearing. That the final decree on petition of Complainant permitted an amendment to the bill of complaint with the view of laying a predicate for attorney's fees in the sum of $12,500, that said amendment was as to matter of material substance and defendants were not allowed to answer the bill as thus amended, that the Guardian Trust Company having been appointed liquidator for Biscayne Trust Company after this litigation was instituted, the Guardian Trust Company should have been brought in as a party to this cause by a supplemental bill or a bill in the nature of a supplemental bill, and that the foreclosure sale should be decreed to be null and void by this court because the price received for the mortgaged property was so grossly inadequate as to shock the judicial conscience.

As to the adequacy of price, the record discloses that the mortgaged property was appraised by a dozen or more persons familiar with real estate values in Miami and that such appraisals varied from one million to three and one-half million dollars. The amount of the final decree was $827,552.36 but there were other charges against the property which will run the actual consideration paid for it to more than one million dollars. As an investment proposition, it is shown that it is producing a return on a much smaller amount than that for which it sold. We find no support for the charge of inadequacy of consideration.

On the question of making the Guardian Trust Company a party to the cause, we think this might have been done by a supplemental bill but it was not necessary. The Guardian Trust Company was appointed liquidator for the Biscayne Trust Company during the process of the litigation. This appointment was confirmed by order of the same court which made all the orders in this

cause. ·Such appointment and confirmation was therefore a matter of record in that court by virtue of which the Guardian Trust Company succeeded to all right and interest of the Biscayne Trust Company. Power vs. Amos, 94 Fla. 411, 114 So. 364.

The attack on the final decree for permitting an amendment to lay a predicate for attorney's fees was made by petition for rehearing on the part of defendant, a decree pro confesso having been entered against it. The petition for rehearing raised no other question and immediately it was filed, the complainant entered a remittitur of all attorney's fees allowed and the master's report shows that no sum was allowed for attorney's fees out of the proceeds of the sale. Under such circumstances, any error committed in allowing the amendment was harmless.

It is true that there was no basis in the record for that part of the final decree allowing five dollars for "abstract search" but by the well settled rule of this court under the facts of this case such an allowance was de minimis non curat lex for which reversal does not lie. Milton vs. Blacksheer, 8 Fla. 161.

Other assignments have been examined and while we would not pronounce the bill of complaint a model pleading, nor approve the procedure followed in all respects, yet such errors as were committed were harmless and a just conclusion appears to have been reached. Section 2812 Revised General Statutes of 1920 (Section 4499 Compiled General Laws of 1927).

This judgment below is accordingly affirmed.

Affirmed.

BUFORD, C.J., AND WHITFIELD, ELLIS, TERRELL AND DAVIS, J.J., concur.