ON MOTION FOR REHEARING
ROBERT P. SMITH, Jr., Chief Judge.
We did not overlook claimant’s cross-appeal when affirming, without opinion, the deputy commissioner’s order. Instead we declined to take notice of an as *46 serted error in computing the average weekly wage which if shown would increase claimant’s compensation rate by $1.28 per week. De minimus non curat lex. Eureka Corp. v. Guardian Trust Co., 104 Fla. 117, 139 So. 198 (1932). And we refused to reverse the deputy’s view on the catastrophic benefits claim, section 440.15(2)(b), Florida Statutes (1980 Supp.), because a permissible view of the evidence sustains the deputy’s order. Our view of the matter was not changed by partial or qualified confessions of error in the brief of appel-lees, parties other than the other putative employer/carrier who urged to the deputy the points of which claimant complains on cross-appeal.
Chapter 440 is yet self-executing independently of this Court’s role and function. The parties might before now have stipulated to dismiss the cross-appeal, upon settling issues previously disputed upon the record. Even now, nothing prevents the carrier from paying what it considers in good faith is claimant’s due. But as for us, we will not make light of the deputy’s function, nor treat his order as a trivial thing, by reversing that order, without a clear showing of error, on mere agreement of the parties. Under chapter 440 the parties have their function, which is to self-enforce the Act insofar as they conscientiously can do so, even during an appeal, Holiday Care Center v. Scriven, 418 So.2d 322, 327-28 (Fla. 1st DCA 1982); and this Court has another function, which is to correct plain and substantial errors of law, of which there were none here, and to affirm orders not so flawed. No reversible error having been shown, we adhere to our decision previously announced, Fla.App., 422 So.2d 844, and claimant’s motion for rehearing is
DENIED.
SHIVERS and THOMPSON, JJ., concur.