PER CURIAM.
Appellant appeals his amended final judgment of dissolution of marriage, and appellee cross appeals. We affirm the trial court’s award of equitable distribution and the awarding of primary residential custody to appellee. We remand for further proceeding with respect to the award of attorney’s fees to appellee.
In its amended order, the trial court states appellant’s monthly income is approximately $1795. Although the parties disagree in their calculations of net income after various deductions and adjustments, we agree with appellee that the record supports the award of $750 monthly, which exceeds the amount allowable under the support guidelines by the negligible amount of less than $1.50, which in our view does not warrant remand for justification, recalculation or other proceedings.
Finally, the trial court awarded appel-lee $2000 toward her attorney fees, but stated that amount was deemed to have been paid through the appellee’s exclusive possession of the marital mobile home and real property. We hold this was an abuse of discretion. The purpose of awarding attorney’s fees in dissolution proceedings is to ensure that both parties have equal access to representation. Mishoe v. Mishoe, 591 So.2d 1100 (Fla. 1st DCA 1992). In this case, where the wife has no income other than what she receives in the form of child support and welfare benefits, and no substantial disposable assets, the court’s offset of her attorney fees with exclusive possession of the marital home undermines the purpose of the child support payments by forcing appellee to pay her attorneys from the support award.
We therefore affirm the final judgment except as to the award of attorney’s fees to the wife, and as to that provision we reverse and remand for reconsideration and entry of an amended order consistent with the views herein expressed.
ERVIN and ALLEN, JJ., and SMITH, LARRY G., Senior Judge, concur.