LEVINE, J.
Appellant appeals his convictions for two counts of lewd and lascivious battery on a person twelve years of age or older but less than sixteen years of age. Appellant bases his appeal on two issues: whether the trial court erred in admitting collateral crime evidence of another victim who testified to being assaulted by appellant, and whether the statements by the prosecution in closing argument constituted fundamental error. We find that neither issue constitutes reversible error, and as such, we affirm.
Appellant was charged with having sexual activity with the victim in 2008. The state filed a motion to allow similar fact evidence of “other acts involving child molestation” pursuant to section 90.404(2)(b)l., Florida Statutes (2008). During the Williams rule hearing, the victim testified to three incidents of sexual activity in 2008 when she was fourteen years old. In the first incident (count I), the victim, appellant, and a mutual friend were hanging out near an apartment building. Appellant asked the victim to have sex with him, and she refused. He then walked her over to a van, unbuttoned her pants, and inserted his penis into her vagina. The second incident (count II) occurred when the victim, appellant, and a mutual friend were hanging out at the friend’s house. After the friend left the room, appellant pinned the victim down on the bed with her arms over her head. Appellant unbuttoned her pants, pulled them down, and put his penis in her vagina. The third incident (count III) occurred when appellant and the victim were on the bleachers with a mutual friend. When the friend left, appellant pushed the victim’s shorts to the side and put his penis in her vagina. The victim opposed appellant’s advances during each of the three incidents. During all three incidents, appellant did not say anything or wear a condom.
The Williams rale victim testified that appellant had sexual intercourse with her without her permission in 2007 or 2008.[1] She was hanging out with appellant, a mutual friend, and some other individuals when appellant picked her up, carried her into the friend’s bedroom, and placed her on the bed. He held her hands over her head with one hand, and unzipped her pants with his other hand. He penetrated her with his fingers and then put his penis in her vagina. During the incident, he did not say anything or wear a condom.
Appellant objected to the admission of the Williams rale evidence, arguing that it differed from the testimony of the victim in the substantive case. The trial court *1201 allowed the Williams rule evidence, determining that the testimony of the Williams rule victim and the victim in the present case had “similarities, from the facts and circumstances” and that the circumstances were “almost exact, for a lack of a better word.” In a written order, the trial court determined that the Williams rule evidence was admissible as similar fact evidence under section 90.404(2)(a) and as child molestation evidence under section 90.404(2)(b)l. and McLean v. State, 934 So.2d 1248 (Fla.2006). The trial court identified nine points of similarity between the two incidents. As to the victim in this case, the court found:
A. She was previously involved in a romantic relationship with the Defendant.
B. The romantic relationship with the Defendant lasted a short period of time and each were not involved, with the other, at the time of the sexual act which is the subject of this case.
C. She and the Defendant were in the company of mutual friends just prior to the sexual act which is the subject of this case.
D. The Defendant forced himself upon her by pinning her down with her hands over her head, getting on top of her, and preventing her from leaving.
E. She told the Defendant “No” meaning she did not want to have sex with the Defendant.
F. The Defendant, while she was pinned down and prevented from leaving, removed her pants.
G. The Defendant put his penis in her vagina against her will.
H. The Defendant did not say anything to her while he was having sex with her.
I. After the sexual attack the Defendant appeared scared and left the area.
The trial court made nearly identical findings with respect to the Williams rule victim. The trial court concluded that the Williams rule victim was credible, the evidence was relevant to corroborate the victim’s testimony in the instant case, and finally, the probative value of the Williams rule victim’s testimony outweighed the prejudicial effect. Appellant was convicted at trial of counts I and II. This appeal ensues.
We review the admission of Williams rule evidence under the standard of abuse of discretion. Tripoli v. State, 50 So.3d 776, 779 (Fla. 4th DCA 2010). The trial court’s discretion, however, “is restricted by the rules of evidence.” Trapp v. State, 57 So.3d 269, 272 (Fla. 4th DCA 2011).
The trial court relied on section 90.404(2)(a) and (b), Florida Statutes (2008), to justify admission of the collateral victim’s testimony. Section 90.404(2)(a) and (b) state the following:
(a) Similar fact evidence of other crimes, wrongs, or acts is admissible when relevant to prove a material fact in issue, including, but not limited to, proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, but it is inadmissible when the evidence is relevant solely to prove bad character or propensity.
(b)l. In a criminal case in which the defendant is charged with a crime involving child molestation, evidence of the defendant’s commission of other crimes, wrongs, or acts of child molestation is admissible, and may be considered for its bearing on any matter to which it is relevant.
2. For the purposes of this paragraph, the term “child molestation” means conduct proscribed by s. 794.011, s. 800.04, or s. 847.0135(5) when committed against a person 16 years of age or younger.
*1202 Appellant contends that the Williams rule evidence was not sufficiently similar to the charged offense under section 90.404(2)(b) as to make it more probative than prejudicial. “Section 90.404(2)(b) broadly provides that evidence of the defendant’s commission of other acts of child molestation is admissible regardless of whether the charged and collateral offenses occurred in the familial context or whether they share any similarity.” McLean, 934 So.2d at 1259. Similarity of the prior act and the charged offense remains part of the analysis to the extent of determining relevancy and applying the section 90.403 balancing test. As the McLean court explained:
the similarity of the prior act and the charged offense remains part of a court’s analysis in determining whether to admit the evidence in two ways. First, the less similar the prior acts, the less relevant they are to the charged crime, and therefore the less likely they will be admissible. Second, the less similar the prior acts, the more likely that the probative value of this evidence will be “substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or needless presentation of cumulative evidence.” § 90.403.
Id. The McLean court further stated:
In assessing whether the probative value of evidence of previous molestations is substantially outweighed by the danger of unfair prejudice, the trial court should evaluate: (1) the similarity of the prior acts to the act charged regarding the location of where the acts occurred, the age and gender of the victims, and the manner in which the acts were committed; (2) the closeness in time of the prior acts to the act charged; (3) the frequency of the prior acts; and (4) the presence or lack of intervening circumstances. This list is not exclusive. The trial courts should also consider other factors unique to the case.
Id. at 1262.
We find that the collateral act was admissible only under section 90.404(2)(b). We further find that the trial court did not abuse its discretion in finding that the acts were sufficiently similar so that the probative value outweighed any possible prejudice to appellant. See McLean, 934 So.2d at 1262. Of the nine points of similarity identified by the trial court, we especially note the fact that both victims had been in a relationship with appellant and both were in the company of mutual friends immediately prior to the act. We recognize that there appears to be an issue with whether the Williams rule victim qualified as a child under section 90.404(2)(b). However, we are constrained by the fact that appellant did not raise this argument below or on appeal and therefore it is waived. Based on the arguments raised, we are compelled to affirm.
Finally, as to the closing argument, appellant points to several comments made by the prosecution, claiming that they constitute fundamental error, since there were no objections made. Fundamental error “reach[es] down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error.” Thompson v. State, 88 So.3d 322, 324 (Fla. 4th DCA 2012) (quoting Kilgore v. State, 688 So.2d 895, 898 (Fla.1996)). We find that the various statements by the prosecution do not constitute fundamental error, and as such, we are also compelled to affirm.

Affirmed.

GERBER, J., concurs.
CIKLIN, J., concurs specially with opinion.

. During the hearing, the Williams rule victim indicated that she was seventeen or eighteen years old at the time of the incident. At trial, the Williams rule victim testified that she was sixteen or seventeen when this occurred.