MAKAR, J.,
dissenting.
The partial award of attorney’s fees and costs to the former wife was justified where the former husband has a college degree and certification, a stable job in which he makes $4000 more monthly than the former wife (who doesn’t have a degree and spent most of her time raising the family’s two kids). See Rosen v. Rosen, 696 So.2d 697, 701 (Fla.1997) (“a court may consider all the circumstances surrounding the suit in awarding fees under section 61.16[, Fla. Stat.]”). Though she is getting durational alimony of $500 monthly for five years, drawing her monthly income closer to that of the husband for this limited time period, nothing in the record suggests the trial court was attempting to equalize the former spouses income; indeed, absent her being able to significantly increase her own personal earnings in five years, her income will fall further below that of the former husband in the future. Child support is not “income” to the mom for purposes of paying attorney’s fees— she has an obligation to spend it solely on the kids. See, e.g., Wilkerson v. Wilkerson, 717 So.2d 1118, 1119 (Fla. 1st DCA 1998) (reversing award of attorney’s fees that would force wife “to pay her attorneys from the support award”). Under these circumstances, the trial court’s conclusion that the former husband “has the better ability to pay” a portion of the attorney’s fees sought by the former wife ($6500 of $14,787.88 requested) was reasonable. See Canakaris v. Canakaris, 382 So.2d 1197, 1203-05 (Fla.1980). But the trial court did not explain how the $6500 was calculated as is required. See Ingram v. Ingram, 59 So.3d 147, 148 (Fla. 1st DCA 2011) (trial court must “set forth specific findings regarding the hourly rate, the number of hours reasonably expended, and the appropriateness of the reduction or enhancement factors”) (citing Fla. Patient’s Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985)). A remand requiring the trial court to specify how the amount of fees awarded was calculated is all that is required. See Hamlin v. Hamlin, 722 So.2d 851, 852 (Fla. 1st DCA 1998) (“The lack of findings constitutes reversible error, even if there is competent, substantial evidence to support the award.”).