DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**PRECISION DIAGNOSTIC, INC.,**
Appellant,

v.

**PROGRESSIVE AMERICAN INSURANCE CO.,**
Appellee.

No. 4D21-48

[October 20, 2021]

Appeal from the County Court for the Seventeenth Judicial Circuit, Broward County; John D. Fry, Judge; L.T. Case No. CONO 19-4886 and CACE 20-8282.

Chad A. Barr and Virginia E. Davis Horton of Chad Barr Law, Altamonte Springs, for appellant.

Kenneth P. Hazouri of deBeaubien, Simmons, Knight, Mantzaris & Neal, LLP, Orlando, for appellee.

LEVINE, J.

Precision Diagnostic, Inc., appeals a final judgment in favor of Progressive American Insurance Co., in which the trial court determined that Progressive properly paid interest owed on an overdue personal injury protection benefit payment. We find that the trial court erred in its interpretation of sections 627.736 and 55.03, Florida Statutes (2020), for purposes of calculating interest, but we agree with the trial court that the amount in controversy—$4.17—was de minimis. We affirm.

After receiving an assignment of benefits, Precision billed Progressive for benefits provided to the insured. Progressive paid $1,373.04 within the thirty-day timeframe required by section 627.736(4)(b). Due to a miscalculation, Progressive owed an additional $400 to Precision in benefit payments. It is undisputed that Progressive erred in the original amount owed to Precision. Progressive re-adjusted the bill and issued an additional payment to Precision on the 1,234th day after the bill was received. Progressive also included a payment of $64.50 in interest on the

overdue benefit payment.[1]

Precision sued, alleging that Progressive underpaid the interest due under section 627.736(4)(d) by $6.31. Precision argued that sections 627.736(4)(d) and 55.03 required a quarterly fluctuating interest rate. Progressive countered that the language "for the quarter in which the payment became overdue" in section 627.736(4)(d) provided for a fixed interest rate.

At trial, Progressive stated that Precision's math of $6.31 was incorrect and that the amount of unpaid overdue interest according to a fluctuating interest rate was actually $4.17. Progressive still disputed the fluctuating interest rate, claiming interest was to be calculated at a set rate "for the quarter in which the payment became overdue." § 627.736(4)(d), Fla. Stat. The trial court found that Progressive properly paid the interest and that requiring an insurer to recalculate interest every three months would lead to an absurd result. The trial court also found that the doctrine of "de minimis non curat lex" precluded this lawsuit over a purported $4.17 of miscalculated interest. Precision appealed, claiming that the trial court erred by agreeing with Progressive that a fixed interest rate applied to the overdue insurance benefit payment and by applying the doctrine of de minimis non curat lex.

"We review issues of statutory interpretation *de novo*." *Therlonge v. State*, 184 So. 3d 1120, 1121 (Fla. 4th DCA 2015).

## Calculating Interest Rate

Section 627.736(4)(d) states:

> All overdue payments bear simple interest at the rate established under s. 55.03 or the rate established in the insurance contract, whichever is greater, *for the quarter in which the payment became overdue*, calculated from the date the insurer was furnished with written notice of the amount of covered loss. Interest is due at the time payment of the overdue claim is made.

(emphasis added).

---

[1] Precision submitted a demand letter to Progressive only for the unpaid $400. More than thirty days after receiving the demand letter, Progressive paid the additional benefits, interest, a statutory 10% penalty of $40, and postage. The only dispute between the parties that remained was the calculation of interest.

Section 55.03, in turn, provides:

(1) On December 1, March 1, June 1, and September 1 of each year, the Chief Financial Officer shall set the rate of interest that shall be payable on judgments or decrees for the calendar quarter beginning January 1 and adjust the rate quarterly on April 1, July 1, and October 1 . . . . The interest rate established by the Chief Financial Officer shall take effect on the first day of each following calendar quarter. . . .

. . . .

(3) The interest rate is established at the time a judgment is obtained and such interest rate *shall be adjusted annually on January 1 of each year in accordance with the interest rate in effect on that date* as set by the Chief Financial Officer until the judgment is paid, except for judgments entered by the clerk of the court pursuant to ss. 55.141, 61.14, 938.29, and 938.30, which shall not be adjusted annually.

(emphasis added).

"When the language of the statute is clear and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation and construction; the statute must be given its plain and obvious meaning." *A.R. Douglass, Inc. v. McRainey*, 137 So. 157, 159 (Fla. 1931). "The doctrine of *in pari materia* is a principle of statutory construction that requires that statutes relating to the same subject or object be construed together to harmonize the statutes and to give effect to the Legislature's intent." *Fla. Dep't of State, Div. of Elections v. Martin*, 916 So. 2d 763, 768 (Fla. 2005).

We examine the plain language of both statutes in pari materia, to determine the interplay between the two statutes. Section 627.736(4)(d) requires that the interest rate be established by section 55.03 for the quarter in which payment became overdue. Section 55.03(1) requires that the Chief Financial Officer set the rate of interest quarterly. Subsection 55.03(3) then requires that the interest rate adjust annually on January 1 of each year until the judgment is paid. Therefore, according to an annually adjusting interest rate, the correct total amount of interest due to Precision was $68.67, with an underpayment by Progressive of $4.17.

Precision is incorrect that the interest rate adjusts quarterly. While the Chief Financial Officer sets the interest rate quarterly, section 55.03 only provides for an already established interest rate to adjust annually, not quarterly.

Progressive's argument that the language in section 627.736(4)(d) "for the quarter in which the payment became overdue" requires a fixed and non-fluctuating interest rate is also incorrect. This language mandates the initial rate at which the interest is set, which is then adjusted on January 1 of every year. The interest rate begins at the rate present "for the quarter in which the payment became overdue" instead of, for example, the quarter in which the accident occurred, or the quarter in which the insurer was billed.

As an example, if an insurer was billed in September, payment would not be due until October. If the payment became overdue, interest would begin accruing at the rate present in the "October quarter," not the preceding quarter. If the payment was still due as of January 1, the rate would be adjusted to the rate in effect as of January 1. That rate would remain in effect for the rest of the year, only to be readjusted again the following January 1 if still due and owing. Other courts have calculated interest due under section 55.03 using this methodology. *See, e.g., Endurance Am. Specialty Ins. Co. v. Liberty Mut. Ins. Co.*, No. 8:17-cv-2832-T-33CPT, 2020 WL 9597125, at *12 (M.D. Fla. June 4, 2020) ("As for the amount of such interest, the prejudgment interest rate is controlled by Florida statute and is set quarterly by Florida's Chief Financial Officer. The applicable prejudgment interest is the rate effective at the time of entitlement and is adjusted annually on January 1 of each year.") (citations omitted).

**De Minimis**

However, regardless of the incorrect interpretation of how to calculate interest, we affirm the trial court's finding that the amount in controversy is de minimis. "The legal maxim 'de minimis non curat lex,' simply means that the law does not care for small things." *Loeffler v. Roe*, 69 So. 2d 331, 338 (Fla. 1953). The amount in controversy here, $4.17, is de minimis and is a trifling amount.

The principle of de minimis "is a hallowed, long established and long recognized principle of law, and a party is entitled to call it in aid." Alec Samuels, *De Minimis Non Curat Lex*, 1985 Statute L. Rev. 167, 167 (1985). Seeking trifling amounts of money involving the courts is a "waste of time

and money, and impairing the dignity of the court and the judge." *Id.* at 168.

The principle of de minimis has been upheld in this court and other courts. *See L.H. v. State*, 803 So. 2d 862, 864 n.1 (Fla. 4th DCA 2002) (finding a $4 discrepancy in the calculation of restitution was de minimis); *Winter Garden Citrus v. Parrish*, 438 So. 2d 472 (Fla. 1st DCA 1983) (denying attorney's fees because a loss of supplemental benefits for a period of five days was de minimis); *Wilkerson v. Wilkerson*, 717 So. 2d 1118, 1119 (Fla. 1st DCA 1998) (affirming child support obligation that exceeded support guidelines by $1.50, finding that the "negligible amount . . . does not warrant remand for justification, recalculation or other proceedings"); *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792 (1989) ("[A] technical victory may be so insignificant . . . as to be insufficient to support prevailing party status" for the purposes of an award of attorney's fees.).

A de minimis amount in controversy does not warrant reversal. *See Eureka Corp. v. Guardian Tr. Co.*, 139 So. 198, 199 (Fla. 1932) ("[B]y the well-settled rule of this court under the facts of this case such an allowance was de minimis no curat lex, for which reversal does not lie."). In *United Automobile Insurance Co. v. Alfonso*, 17 Fla. L. Weekly Supp. 887a (Fla. 11th Jud. Cir. July 1, 2010), the court applied the doctrine of "de minimis non curat lex" to a suit for a purported interest miscalculation of $2.53 "brought painfully for no other justification than the award of attorney's fees." *Id.* Similarly, it appears that the present case was brought not for the de minimis interest, but rather for the award of attorney's fees.

In summary, we affirm the trial court's determination that the accumulated interest of $4.17 was de minimis, and clarify the proper computation of interest pursuant to these statutes.

*Affirmed.*

KLINGENSMITH and KUNTZ, JJ., concur.

\*        \*        \*

**Not final until disposition of timely filed motion for rehearing.**