# DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

**LIBERTY MUTUAL INSURANCE COMPANY,**
Appellant,

v.

**PAN AM DIAGNOSTIC SERVICES, INC.** d/b/a
**PAN AM DIAGNOSTIC OF ORLANDO** a/a/o **CLAUDINE JEAN,**
Appellee.

No. 4D21-2156

[August 17, 2022]

Appeal from the County Court for the Seventeenth Judicial Circuit, Broward County; John D. Fry, Judge; L.T. Case No. CONO-19-012705.

Hinda Klein of Conroy Simberg, Hollywood, for appellant.

Douglas H. Stein of Douglas H. Stein, P.A., Coral Gables, for appellee.

CONNER, J.

Appellant, Liberty Mutual Insurance Company ("the Insurance Company"), appeals the trial court's order awarding attorney's fees and costs together with interest to Appellee, Pan Am Diagnostic Services, Inc. d/b/a Pan Am Diagnostic of Orlando a/a/o Claudine Jean ("the Provider"). Remarkably, suit was filed because 14 cents of statutory interest was not paid when the Insurance Company paid an overdue personal injury protection ("PIP") benefit. The pennies worth of unpaid interest eventually resulted in an award of attorney's fees and costs to the Provider in the amount of $24,028.27. Because we determine that statutory interest payable pursuant to section 627.736(4)(d), Florida Statutes (2019), is not an insurance policy or PIP benefit which entitles an insured or an insured's assignee to attorney's fees under sections 627.428(1) or 627.736(8), Florida Statutes (2019), we reverse.

## *Background*

The Provider, as the insured's assignee, sued the Insurance Company for failure to pay the correct amount of statutory interest due under section 627.736(4)(d), Florida Statutes (2019), when the Insurance

Company issued the overdue payment for the Provider's medical services rendered to the insured. The alleged amount of additional interest owed was 14 cents. The complaint also sought attorneys' fees under section 627.428, Florida Statutes (2019).

The Insurance Company answered that all benefits and interest due and owing were paid presuit. The Insurance Company also raised the affirmative defense of failure to satisfy the condition precedent of providing a presuit demand. The Insurance Company asserted that no attorney's fees or costs were owed because no benefits, interest, penalties, or postage were due at the time the complaint was filed.

The Provider moved for partial summary judgment, asserting that because the Insurance Company failed to pay the correct interest amount on the overdue PIP benefit as required by section 627.736(4)(d), and suit was filed to enforce payment of the correct interest amount, the Provider was entitled to attorney's fees in addition to the 14 cents owed for interest.

The Insurance Company also moved for summary judgment, raising alternative arguments, one of which was that entitlement to attorney's fees under section 627.428 is limited to prosecution of suits which result in recovery of insurance "benefits," and here, the only issue before the trial court was whether the PIP interest constituted a PIP "benefit." The Insurance Company argued that if the interest is deemed a PIP benefit, then a presuit demand letter was a required condition precedent to the filing of the complaint. However, if unpaid interest is not deemed be a PIP benefit, then no PIP benefits were at issue in this suit and the Provider was required to bear its own attorney's fees.

The Provider responded to the Insurance Company's motion, asserting that the statutory requirement to serve a presuit demand letter applied to suits for benefits payment, and not to interest payment. The Provider again maintained its entitlement to attorney's fees, in that a judgment entered in favor of the insured or its assignee in a dispute against the insurer entitles the insured or the assignee to attorney's fees.

The trial court granted the Provider's motion for summary judgment and entered final judgment in the Provider's favor for the 14 cents owed for interest, reserving jurisdiction to determine entitlement to attorney's fees. The Provider moved for attorney's fees pursuant to sections 627.736(8) and 627.428, Florida Statutes (2019). The trial court awarded the Provider $24,028.27 in attorney's fees, clerical fees, taxable costs, and an expert witness fee. After the Insurance Company's motion for reconsideration was denied, the Insurance Company gave notice of appeal.

*Appellate Analysis*

The standard of review of a trial court's ruling on a party's entitlement to attorneys' fees based on the interpretation of a statute is de novo. *S. Fla. Pain & Rehab. of W. Dade v. Infinity Auto Ins. Co.*, 318 So. 3d 6, 8 (Fla. 4th DCA 2021).

Our analysis begins with section 627.428(1), Florida Statutes (2019), which governs entitlement to attorney's fees for insurance litigation regarding policy provisions. Section 627.428(1) provides:

> *Upon the rendition of a judgment or decree by any of the courts of this state against an insurer* and in favor of any named or omnibus insured or the named beneficiary *under a policy or contract executed by the insurer, the trial court or,* in the event of an appeal in which the insured or beneficiary prevails, *the appellate court shall adjudge or decree* against the insurer and in favor of the insured or beneficiary *a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.*

§ 627.428(1), Fla. Stat. (2019) (emphasis added). Under the statute's plain wording, the threshold requirement for an award of fees under section 627.428(1) is "a judgment or decree . . . under a policy or contract executed by the insurer." *Id.*

However, the Provider has not shown that its entitlement to interest on the late payment of PIP benefits is grounded upon any policy or contractual provision.

For PIP litigation, section 627.736(8), Florida Statutes (2019), addresses entitlement to attorney's fees:

> **Applicability of provision regulating attorney fees.**--*With respect to any dispute under the provisions of ss. 627.730-627.7405* between the insured and the insurer, or between an assignee of an insured's rights and the insurer, the provisions of ss. 627.428 and 768.79 apply, except as provided in subsections (10) and (15) . . . .

§ 627.736(8), Fla. Stat. (2019) (emphasis added).[1] Thus, to determine entitlement to fees pursuant to section 627.736(8), we are confronted with the meaning of the statutory language, "[w]ith respect to any dispute under the provisions of ss. 627.730-627.7405." *Id.*

In the first statute in the designated series, the legislature has made it clear that "[s]ections 627.730-627.7405 may be cited and known as the 'Florida Motor Vehicle No-Fault Law.'" § 627.730, Fla. Stat. (2019). In the second statute in the series, the legislature has defined the purpose of the Florida Motor Vehicle No-Fault Law:

> The purpose of ss. 627.730-627.7405 is to provide for *medical, surgical, funeral, and disability insurance benefits* without regard to fault, and to require motor vehicle insurance securing such benefits, for motor vehicles required to be registered in this state and, with respect to motor vehicle accidents, a limitation on the right to claim damages for pain, suffering, mental anguish, and inconvenience.

§ 627.731, Fla. Stat. (2019) (emphasis added).

The other key statutory sections in the series for our analysis are sections 627.736(1), (4)(b) and (d), Florida Statutes (2019). Section 627.736(1) requires that PIP policies afford three types of benefits: (1) medical benefits; (2) disability benefits; and (3) death benefits. § 627.736(1), Fla. Stat. (2019). Section 627.736(4) provides that benefits due from an insurer under sections 627.730-627.7405 are primary, except benefits received under any workers' compensation law. § 627.736(4), Fla. Stat. (2019). Subsection (4)(b) states that benefits are overdue if payment is not made within thirty days after the insurer is furnished written notice of the covered loss and the amount. § 627.736(4)(b), Fla. Stat. (2019). Subsection (4)(d) provides that those overdue payments accrue interest, explains the manner for calculating the amount of interest owed, and requires the payment of interest at the time payment of the overdue claim is made. § 627.736(4)(d), Fla. Stat. (2019).

"When the language of the statute is clear and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation and construction; the statute must be

---

[1] Sections 768.79 (imposing fees pursuant to offer of judgment), 627.736(10) (imposing requirements for presuit demand letter for PIP benefits) and 627.736(15) (disallowing attorney's fees that should have been sought in an earlier action by provider), are not applicable to our analysis.

given its plain and obvious meaning." *Precision Diagnostic, Inc. v. Progressive Am. Ins. Co.*, 330 So. 3d 32, 34 (Fla. 4th DCA 2021) (quoting *A.R. Douglass, Inc. v. McRainey*, 102 Fla. 1141, 137 So. 157, 159 (1931)). Moreover, "[t]he doctrine of *in pari materia* is a principle of statutory construction that requires that statutes relating to the same subject or object be construed together to harmonize the statutes and to give effect to the Legislature's intent." *Id.* (quoting *Fla. Dep't of State, Div. of Elections v. Martin*, 916 So. 2d 763, 768 (Fla. 2005)).

Applying the plain language and *in para materia* principles to sections 627.730, 627.731, and 627.736(1), (4)(b), (4)(d), and (8), we conclude that the statutory entitlement to interest on overdue PIP benefits is not in and of itself a PIP benefit for which attorney's fees are payable under section 627.736(8). In other words, a dispute over whether interest is due or paid in the correct amount is not a dispute as to benefits payable for *medical, surgical, funeral, and disability insurance benefits*. Thus, litigation over the payment of interest due on PIP benefits does not trigger entitlement to attorney's fees for the claimant.

Our decision in this case is consistent with our decision in *South Florida Pain*:

> [T]he insurer's alleged obligation to pay penalty and postage was not a covered "benefit" under either the statute or the insured's policy. Section 627.731 states that the covered PIP benefits are "medical, surgical, funeral, and disability insurance benefits." The statute's language does not expand that definition to include penalty and postage.

318 So. 3d at 11. As we said in *South Florida Pain*, "[i]f the Legislature had intended for attorney's fees to be otherwise recoverable under the statute, it would have said so." *Id.* at 10 (citation omitted).

The concurring opinion makes very cogent arguments in support of reversal, which we would have adopted as additional grounds for reversing, except that the arguments and authorities were not sufficiently raised in the trial court or on appeal. *See Coleman v. State*, 126 So. 3d 1199, 1202 (Fla. 4th DCA 2012) (recognizing an issue but explaining that "we are constrained by the fact that appellant did not raise this argument below or on appeal and therefore it is waived").

*Conclusion*

Applying section 627.428(1)'s plain language, the trial court erred in

awarding the Provider's attorney's fees because no contractual or policy provision supports the award for enforcing the payment of interest. Applying the plain language and *in para materia* principles to the pertinent provisions of the Florida Motor Vehicle No-Fault Law discussed above, the trial court erred in awarding the Provider's attorney's fees because interest owed on a late PIP benefit payment is not in and of itself a PIP benefit.

Having determined the trial court erred in awarding the Provider's attorney's fees, we reverse and remand with instructions for the trial court to vacate the final judgment awarding the Provider's attorney's fees rendered on June 18, 2021. Our reversal is without prejudice to the entry of a judgment imposing taxable costs.

*Reversed and remanded with instructions.*

WARNER J., concurs.
KLINGENSMITH, C.J., concurs specially with opinion.

KLINGENSMITH, C.J., concurring specially.

I concur with the majority opinion but write to address a separate but important issue raised by the facts of this case.

In *United Auto. Ins. Co. v. Alfonso*, 17 Fla. L. Weekly Supp. 887a (Fla. 11th Cir. Ct. July 1, 2010), Judge Leban wondered how low an amount could be for which an insured or medical provider would "repair to the court for redress: $1.23? [Twenty-five cents]? *A nickel*?" We now have an answer to that rhetorical question—*fourteen cents*.

If someone were to describe this case as a complete waste of judicial resources, would they be wrong? In this case, it is the elephant in the room. For an amount in controversy of *fourteen cents*, the provider here filed a lawsuit, engaged in discovery, and hired experts, thus requiring the lower court to expend significant resources and time—in court and out—reviewing court filings and testimony. Judicial resources were also consumed here at the appellate level, causing the expenditure of untold hours while considering this claim. This, of course, does not include the time spent and expense incurred by the insurance company to respond in kind to those actions. All this over *fourteen cents*.

In *Alfonso*, the circuit court, sitting in its appellate capacity, disposed of a similar trivial claim by applying "de minimis non curat lex" to a claim of $2.53. 17 Fla. L. Weekly Supp. 887a. This legal maxim means "the law does not care for small things." *Loeffler v. Roe*, 69 So. 2d 331, 338 (Fla.

1953).  In doing so, the *Alfonso* court adopted the dissenting opinion of Judge Barton in *Peachtree Cas. Ins. Co. v. Spine & Rehab. Medicine, P.A.,* 16 Fla. L. Weekly Supp. 622a (Fla. 13th Cir. Ct. May 1, 2009), who stated that he "would go a step further . . . and dismiss this case based on the doctrine of de minimis non curat lex."  (citing *Milton v. Blackshear,* 8 Fla. 161, 169–70 (Fla. 1858)).  Like the court in *Alfonso,* I fully agree with Judge Barton's analysis and repeat it here:

> Appellee filed this lawsuit to recover an alleged unpaid penalty payment in the amount of $0.89.  The attorneys for the parties and the trial court have expended considerable energy in resolving the procedural and substantive issues raised by the pleadings.  Now, the appellate court has devoted comparable effort in reviewing the briefs and records on appeal.
>
> In my view, the time has come to say, "Enough!"  The ancient legal maxim "de minimis non curat lex" (literally, "the law does not care about small things") has been used, mainly in equitable actions involving real property, to distinguish between substantial and trivial matters. (citation omitted).
>
> As long ago as 1858, the Florida Supreme Court refused to remand a cause to the trial court for further proceedings, when considering an excessive award of interest totaling between $9.00 and $11.00, a sum too small, according to the Court to subject the parties to further litigation.  *Milton v. Blackshear*, 8 Fla. 161, 169–170 (Fla. 1858).  *See also, Florida Nat'l Bank v. Bisson*, 240 So. 2d 870 (Fla. 1st DCA 1970) (Judgment affirmed, in part, based on de minimis non curate lex).
>
> In more recent times, the legal doctrine discussed above has been applied to justify the denial of *an otherwise mandatory award of appellate attorney's fees.  Sanchez v. State Farm Ins. Co.*, 997 So. 2d 1209 (Fla. 3d DCA 2008). (emphasis added).

*Peachtree,* 16 Fla. L. Weekly Supp. 622a (Barton, J., dissenting)).

Other Florida courts have applied this doctrine in a variety of situations.  In one case, the Florida Supreme Court invoked de minimis non curat lex while addressing a "miscalculation" made by an assessor; the Court deemed it to be "obviously a mistake, error, oversight, which cannot be prejudicial to the taxpayer," and pointedly remarked that "*[j]ustice may be 'blind' but it is not stupid.*"  *Korash v. Mills*, 263 So. 2d

7

579, 581–82 (Fla. 1972) (emphasis added); *see also Eureka Corp. v. Guardian Tr. Co.*, 139 So. 198, 199 (Fla. 1932) (deeming a final decree allowing $5.00 *de minimis*); *Winter Garden Citrus v. Parrish*, 438 So. 2d 472, 473–74 (Fla. 1st DCA 1983) (finding a loss of five days of supplemental workers comp benefits was "*de minimis*"); *L.H. v. State*, 803 So. 2d 862, 863 n.1 (Fla. 4th DCA 2002) (stating $4.00 discrepancy in restitution was *de minimis*); *Wilkerson v. Wilkerson*, 717 So. 2d 1118, 1119 (Fla. 1st DCA 1998) (affirming child support obligation that exceeded support guidelines by $1.50, finding that the "negligible amount . . . does not warrant remand for justification, recalculation or other proceedings").

Florida courts have seen a number of these cases in personal injury protection litigation where litigants go at it, hammer and tongs, over trifling amounts. Our recent case of *Precision Diag., Inc. v. Progressive Am. Ins. Co.*, 330 So. 3d 32, 33 (Fla. 4th DCA 2021), involved litigation over an alleged underpayment of $4.17 in interest. *Alfonso* was a clash over $2.53. Lawyers tussled over eighty-nine cents in *Peachtree*. Here, the bar has been lowered even further to *fourteen cents*.

Had this matter simply been about obtaining full payment of an amount owed, I have no doubt that someone with a modicum of common sense and practicality would have been willing to hand over fourteen cents to satisfy appellee's purported claim and put an end to this petty dispute. Yet that was not the point of this litigation; appellee would never have accepted the tender of a single dime and four pennies to resolve the case, as the litigation below was never about the appellee being shorted pocket change. As Judge Levine noted in *Progressive*, cases like this (including *Alfonso*) are "brought painfully for no other justification than the award of attorney's fees." 330 So. 3d at 35 (quoting *Eureka Corp. v. Guardian Tr. Co.*, 139 So. 198, 199 (1932)).

The majority correctly points out this case did not involve an insurer's underpayment of benefits due and payable to an insured under their policy. Likewise, this case cannot be analogized to cases such as civil rights actions, where courts have said attorney's fees may be awarded for public policy reasons despite the recovery of nominal or no damages. *See e.g., Coconut Key Homeowner's Ass'n v. Gonzalez*, 246 So. 3d 428, 433 n.3 (Fla. 4th DCA 2018) (noting appellee was prevailing party entitled to fees despite a "no damages" award). Such cases demonstrate situations different than the one presented here. Even if some fee amount could be properly awarded under these circumstances, which it cannot, the fees and costs judgment in this case was more than *171,000 times higher* than the claimed amount due and grossly disproportional to the amount in controversy.

The issue of proportionality was the subject of a recent case in the U.S. Eleventh Circuit. *Batista v. S. Fla. Woman's Health Assocs.*, 844 F. App'x 146 (11th Cir. 2021). In an unpublished opinion, the court held that a prevailing plaintiff under the federal Fair Labor Standards Act may be denied an award of attorney fees when the conduct of counsel, particularly in a so-called nuisance case, has the appearance of fee-churning that needlessly results in the initiation or prolonging of litigation. *Id.* at 147. The *Batista* court addressed what the magistrate judge called the "prototypical 'nuisance suit'" involving nothing more than a minor snafu that Batista's attorney "could have resolved by placing a brief phone call to Defendants." *Id.* at 151. The appeals court agreed that the fee demand was "excessive relative to the minimal work [i.e., a brief phone call] necessary to resolve the matter and make his client whole." *Id.*

> [Counsel's] conduct was part of a strategy to churn the file and create unnecessary attorney's fees. Further, the requested amount of fees is grossly lopsided when compared to both the amount in controversy and the final settlement.
>
> * * *
>
> [Counsel's] sole intent [in rejecting a settlement] . . . was to run up his bill.

*Id.* at 154–155 (citations omitted) (internal quotation marks omitted).

Where a case involves a needless waste of judicial resources, a rejection of an attorney's fees award is squarely within the court's inherent powers to keep in proper condition the legal community and the legal system, of which the courts are a leading part. I agree with the reasons contained in the majority opinion justifying reversal of the lower court's attorney's fee award, and had the issue of *de minimis* been raised in the lower court and on appeal, I would have reversed on that ground as well.

* * *

***Not final until disposition of timely filed motion for rehearing.***